1
2
3
4
5
6
7

8           **UNITED STATES DISTRICT COURT**

9           **EASTERN DISTRICT OF CALIFORNIA**

10

11  STEPHEN CLARK,                          )   Case No.: 1:12-cv-00461-BAM PC
                                            )
12                  Plaintiff,              )   ORDER FINDING CERTAIN CLAIMS
                                            )   COGNIZABLE AND DISMISSING REMAINING
13          v.                              )   CLAIMS AND DEFENDANTS
                                            )
14  CALIFORNIA DEPARTMENT OF                )
    CORRECTIONS AND REHABILITATION,         )   (ECF No. 1)
15  et al.,                                 )
                                            )
16                  Defendants.             )
                                            )
17  _____)

18      I.      **Screening Requirement and Standard**

19          Plaintiff Stephen Clark ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in

20  this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on March 27, 2012, is

21  currently before the Court for screening.[1]  (ECF No. 1.)

22          The Court is required to screen complaints brought by prisoners seeking relief against a

23  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

24  1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

25  malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

26

27

_____

28  [1]      On May 17, 2012, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.  (ECF No. 6.)

1

from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  However, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Complaint**

Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility at Corcoran State Prison, where the events in his complaint are alleged to occur.  Plaintiff names the following defendants:  (1) California Department of Corrections and Rehabilitation Substance Abuse Treatment Facility ("SATF"); (2) Dr. Kokor; and (3) Dr. Ugwueze.

Plaintiff alleges as follows:  On July 1, 2010, Plaintiff was assigned to the top of a triple bunk bed, #316.  Plaintiff fell from the bunk bed, approximately 15 feet, and suffered serious back injuries.  He was taken to an outside hospital and given pain medication.  After returning to SATF, Dr. Ugwueze failed to provide medication to control Plaintiff's chronic pain and failed to provide physical

2

therapy or a lower bunk and ground floor cell.  Plaintiff alleges that he has lasting pain in his back, making it hard for him to get up and down from the top bunk.  He also has trouble walking.

On April 12, 2011, Plaintiff was still in pain and went to see Dr. Kokor.  Dr. Kokor did not examine him and instead left him in extreme pain even after Plaintiff explained his problem and chronic pain symptoms.  Plaintiff alleges that he had complained of pain in his back and legs for over 18 months.

Plaintiff requests an order requiring SATF to provide a lower bunk chrono, physical therapy and pain medication.  Plaintiff also requests compensatory and punitive damages.

### III.   Discussion

#### A.  Eleventh Amendment Immunity

Plaintiff appears to seek liability against SATF based on the alleged promulgation of a policy that has inmates sleep on triple bunk beds.  (ECF No. 1, p. 4.)   Plaintiff cannot maintain an action against a state prison or state agency.  The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  SATF is a part of the California Department of Corrections and Rehabilitation, which is a state agency entitled to Eleventh Amendment immunity.  Accordingly, Plaintiff cannot state a claim against SATF, and this claim cannot be cured by amendment.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

#### B.  Eighth Amendment-Deliberate Indifference to Serious Medical Needs

Plaintiff alleges that Defendants Ugwueze and Kokor were deliberately indifferent to his serious medical needs by denying him requested medications and treatment for his back pain.

 "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

1  deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.

2  2012).

3         Deliberate indifference is shown where the official is aware of a serious medical need and fails

4  to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010).

5  Deliberate indifference is a high legal standard. Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391

6  F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which he could make

7  an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer,

8  511 U.S. 825 at 837.

9         Plaintiff's allegations that he sought treatment for his back pain from Drs. Ugwueze and Kokor

10  after suffering a fall, but was denied medications or treatment are sufficient to state a cognizable

11  Eighth Amendment claim for deliberate indifference to serious medical needs.  Plaintiff will be

12  instructed regarding service in a separate order.

13        **IV.**    **Conclusion and Order**

14        The Court finds that Plaintiff's complaint states an Eighth Amendment claim against

15  Defendants Ugwueze and Kokor.  It does not, however, state any claim against Defendant SATF.  As

16  explained above, Plaintiff will be instructed on service in a separate order.

17        Accordingly, IT IS HEREBY ORDERED that:

18        1.    This action proceed against Defendants Ugwueze and Kokor for violation of the

19  Eighth Amendment; and

20        2.    Defendant SATF is DISMISSED WITHOUT LEAVE TO AMEND.

21

22  IT IS SO ORDERED.

23  Dated:   **August 23, 2013**            /s/ Barbara A. McAuliffe

24                                   UNITED STATES MAGISTRATE JUDGE

25

26

27

28

4