# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STEPHEN CLARK,<br><br>         Plaintiff,<br><br>    vs.<br><br>DR. KOKOR, et al.,<br><br>         Defendants. | Case No. 1:12-cv-00461-BAM PC<br><br>ORDER PROVIDING DEFENDANTS WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE |

Plaintiff Stephen Clark ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on March 27, 2012.

On September 16, 2013, the Court ordered the United States Marshal to serve process upon Defendants Kokor and Ugwueze in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendants. If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On March 10, 2014, the United States Marshal filed returns of service with USM-285 forms showing charges of $127.74 for effecting personal service on Defendant Ugwueze and charges of $127.74 for effecting personal service of Defendant Kokor. (ECF No. 12). The forms show that a waiver of service form was mailed to Defendants Ugwueze and Kokor on October 25, 2013.

Pursuant to the Court's order, Defendants are required to return the waivers to the United States Marshal and the filing of an answer or a motion does not relieve them of this obligation. Defendants Ugwueze and Kokor did not return waivers, which resulted in the execution of personal service on February 28, 2014.

Defendants Ugwueze and Kokor filed a motion to dismiss on April 25, 2014.

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service. . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendants Ugwueze and Kokor were given the opportunity required by Rule 4(d)(1) to waive service, but they failed to return their waivers to the United States Marshal, although they did make an appearance in the action. The Court shall provide Defendants Ugwueze and Kokor with the opportunity to show good cause for failing to waive service. If Defendants Ugwueze and Kokor either fail to respond to this order or respond but fail to show good cause, the costs incurred in effecting service shall be imposed.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Ugwueze and Kokor may, within **thirty (30) days** from the date of this order, show good cause for failing to waive service; and

///
///
///

2. If Defendants fail to respond to this order or respond but fail to show good cause, the Court shall impose the costs incurred in effecting service.

IT IS SO ORDERED.

Dated: **April 25, 2014**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE