# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STEPHEN CLARK,<br><br>             Plaintiff,<br><br>      vs.<br><br>DR. KOKOR, et al.,<br><br>             Defendants. | Case No. 1:12-cv-00461-BAM PC<br><br>ORDER DISCHARGING ORDER TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE<br>(ECF No. 19)<br><br>ORDER REQUIRING DEFENDANTS KOKOR AND UGWUEZE TO PAY TO THE UNITED STATES MARSHAL THE COSTS INCURRED IN EFFECTING SERVICE<br>(ECF No. 13) |

     On September 16, 2013, the Court ordered the United States Marshal to serve process upon the defendants in this case.  The Marshal was directed to attempt to secure a waiver of service before attempting personal service on the defendants.  If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

     On March 10, 2014, the United States Marshal filed returns of service with USM-285 forms showing charges of $127.74 for effecting personal service on Defendant Ugwueze and

charges of $127.74 for effecting personal service on Defendant Kokor.  The forms show that a waiver of service form was mailed to Defendant Ugwueze and to Defendant Kokor on October 25, 2013, and that no responses were received.  Defendants Ugwueze and Koko did not make appearances in the case before personal service was executed.

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1).  "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service . . . ." Fed. R. Civ. P. 4(d)(2)(A).

Defendants Ugwueze and Kokor were given the opportunity to show good cause for failing to waive service as required by Rule 4(d)(1).  The Court has reviewed Defendants' response, which indicates that Defendants have no basis on which to object to the imposition of costs for effecting service.  As such, Defendants have not shown good cause for failing to waive service.  The costs incurred by the Marshal in effecting service shall therefore be imposed on Defendants Ugwueze and Kokor.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty (20) days from the date of this order, Defendant Ugwueze shall pay to the United States Marshal the sum of $127.74.
2. Within twenty (20) days from the date of this order, Defendant Kokor shall pay to the United States Marshal the sum of $127.74; and
3. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, Sacramento, California.

IT IS SO ORDERED.

Dated:   **May 29, 2014**                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE