# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CLARK,<br><br>        Plaintiff,<br><br>   vs.<br><br>DR. KOKOR, et al.,<br><br>        Defendants. | Case No. 1:12-cv-00461-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE AND DENIAL OF PENDING MOTIONS WITHOUT PREJUDICE<br><br>(ECF Nos. 17, 28, 30)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Stephen Clark ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on March 27, 2012.  This action proceeds on Plaintiff's complaint against Defendants Ugwueze and Kokor for deliberate indifference to serious medical needs in violation of the Eighth Amendment to the United States Constitution.

On April 25, 2014, Defendants Ugwueze and Kokor filed a motion to dismiss for failure to state a claim and for qualified immunity.  (ECF No. 17.)  Plaintiff failed to respond to the motion.  Accordingly, on November 7, 2014, the Court ordered Plaintiff to file a response to Defendants' motion to dismiss within twenty-one days.  Plaintiff was warned that failure to comply with the Court's order would result in dismissal of this action, with prejudice, for failure to prosecute.  (ECF No. 25.)

On December 1, 2014, the Court granted Plaintiff a thirty-day extension of time to file his response to Defendants' motion to dismiss. (ECF No. 27.) Plaintiff failed to file a timely opposition. Therefore, on January 13, 2015, the Court ordered Plaintiff to show cause, within twenty-one (21) days, why this action should not be dismissed, with prejudice, for failure to prosecute. (ECF No. 28.)

On February 3, 2015, Plaintiff filed a response to the order to show cause, along with a notice of change of address. In his response, Plaintiff indicated that he was forced to relocate his family for safety reasons and requested an extension of time to file his opposition. (ECF No. 29.)

On February 4, 2015, the Court granted Plaintiff a thirty-day (30) extension of time to file his opposition to the motion to dismiss, which was served on Plaintiff at the new address for service he provided on February 3, 2015. The Court also discharged the order to show cause, but cautioned Plaintiff that if he failed to comply with the order, the action may be dismissed for failure to prosecute or failure to obey a court order. (ECF No. 30.) On February 26, 2015, the Court's order was returned by the United States Postal Service as undeliverable, unable to forward.

Despite multiple opportunities, Plaintiff has failed to file any opposition to the motion to dismiss, which has been pending for nearly one year. Plaintiff has been warned on several occasions that failure to respond to the motion to dismiss would result in dismissal of this action for failure to prosecute.

In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d

1258, 1260-61 (9th Cir. 1992)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). This action has been pending for almost three years. Defendants attempted to move this case towards disposition by filing a motion to dismiss in April 2014. Despite Plaintiff's duty to comply with all applicable Local Rules, Plaintiff did not file a timely opposition to Defendants' motion to dismiss. After the motion had been pending for more than seven months without any opposition, the Court permitted Plaintiff an opportunity to prosecute his case by ordering his opposition. Instead of filing an opposition, Plaintiff requested additional time to oppose the motion. The Court granted the motion, but Plaintiff again failed to file a timely opposition. As a further effort to secure Plaintiff's compliance and allow him the opportunity to prosecute his case, the Court issued an order to show cause approximately nine months after Defendants moved to dismiss this action. Again, Plaintiff did not file an opposition. Instead, on February 3, 2015, Plaintiff requested a further extension of time to file his opposition. The Court granted the requested extension of time and discharged the order to show cause. Although served on Plaintiff's last known address, the Court's order was returned as undeliverable, unable to forward. Since February 3, 2015, Plaintiff has made no effort to contact the Court, and the motion to dismiss has now been pending for approximately eleven months. The Court recognizes that Plaintiff did not receive the Court's recent order granting him an extension of time to file his opposition, but Plaintiff's failure to provide a valid address demonstrates his unwillingness to prosecute this action in a timely manner. Indeed, the Court's efforts to obtain a response from Plaintiff have been repeatedly met with silence on the merits of his claims. The Court cannot effectively manage its docket if a party ceases litigating the case and moving it towards resolution. Thus, both the first and second factors weigh in favor of dismissal.

With regard to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay

inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* In this instance, it is Plaintiff's failure to prosecute this case and to comply with the Local Rules and court orders that is causing delay. Therefore, the third factor weighs in favor of dismissal.

Because public policy favors disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re PPA*, 460 F.3d at 1228 (internal quotation omitted).

Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case. Further, the Court repeatedly warned Plaintiff that his failure to file an opposition would result in "dismissal of this action, with prejudice, for failure to prosecute." (ECF Nos. 25, 28.)

In summary, Plaintiff filed this action but is no longer prosecuting it. Nearly one year has passed since Defendants filed their motion to dismiss, and Plaintiff has not responded, despite being notified of the requirement to respond and the Court's orders specifically directing him to respond. (ECF Nos. 25, 28.) The Court cannot afford to expend resources resolving unopposed dispositive motions in a case a plaintiff is no longer prosecuting. Accordingly, the Court finds that dismissal, without prejudice as Plaintiff failed to receive the Court's February 4, 2015 order, is the appropriate sanction. The Court also finds that all pending motions should be denied without prejudice.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action be dismissed, without prejudice, for failure to prosecute; and
2. All pending motions be denied without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **March 24, 2015**                    /s/ Barbara A. McAuliffe
                                                UNITED STATES MAGISTRATE JUDGE